CURETON, C. J. Cause dismissed, on motion of relator, at his cost, as recommended by the Commission of Appeals.

───────────

1

J. C. MAXWELL v. J. T. ROBISON, Com'r, etc. (No. 510–4221.) (Commission of Appeals of Texas, Section B. April 1, 1925.) Mandamus. Scott W. Key, of Eastland, for plaintiff in error.

POWELL, P. J. This is an original action in mandamus by the relator to require the land commissioner of this state to reinstate his claim to a tract of public free school land in Palo Pinto county, Tex., which the state had sold him, and, without forfeiting his contract as by law required, proceeded prematurely to advertise the land for resale. On the 23d day of March, 1925, the relator filed a motion herein as follows: "Now comes the relator in the above numbered and styled cause, and respectfully shows to the court that, since the institution of this proceeding, the respondent, J. T. Robison, commissioner of the general land office of the state of Texas, has voluntarily reinstated the relator as a purchaser of the land referred to in his petition, and that therefore the further prosecution of this proceeding has become unnecessary. Wherefore relator prays that this cause be dismissed, at his cost." This case is ruled by our opinion in the case of Weaver v. Robison, Commissioner, and which was adopted by the Supreme Court on December 20, 1924. See 268 S. W. 133. In that case we held there could be no valid advertisement, such as required by law before the lands advertised were forfeited, and that an advertisement and subsequent sale of lands already sold and not forfeited were void. The settlement of the instant case by the parties followed the decision aforesaid. We recommend that the aforesaid motion, filed by relator herein, be granted, and this cause dismissed, at his cost.

CURETON, C. J. Cause dismissed, on motion of relator, at his cost, as recommended by the Commission of Appeals.

───────────

2

N. A. MOORE v. J. T. ROBISON, Com'r, etc. (No. 511–4222.) (Commission of Appeals of Texas, Section B. April 1, 1925.) Mandamus. Scott W. Key, of Eastland, for plaintiff in error.

POWELL, P. J. This is an original action in mandamus by the relator to require the land commissioner of this state to reinstate his claim to a tract of public free school land in Palo Pinto county, Tex., which the state had sold him, and, without forfeiting his contract as by

law required, proceeded prematurely to advertise the land for resale. On the 23d day of March, 1925, the relator filed a motion herein as follows: "Now comes the relator in the above numbered and styled cause, and respectfully shows to the court that, since the institution of this proceeding, the respondent, J. T. Robison, commissioner of the general land office of the state of Texas, has voluntarily reinstated the relator as a purchaser of the land referred to in his petition, and that therefore the further prosecution of this proceeding has become unnecessary. Wherefore relator prays that this cause be dismissed, at his cost." This case is ruled by our opinion in the case of Weaver v. Robison, Commissioner, and which was adopted by the Supreme Court on December 20, 1924. See 268 S. W. 133. In that case we held there could be no valid advertisement, such as required by law before the lands advertised were forfeited, and that an advertisement and subsequent sale of lands already sold and not forfeited were void. The settlement of the instant case by the parties followed the decision aforesaid. We recommend that the aforesaid motion, filed by relator herein, be granted, and this cause dismissed, at his cost.

CURETON, C. J. Cause dismissed, on motion of relator, at his cost, as recommended by the Commission of Appeals.

───────────

3

Paz BARRON v. STATE. (No. 8802.) (Court of Criminal Appeals of Texas. April 1, 1925.) Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in criminal district court No. 2 of Dallas county of manufacturing intoxicating liquor, and his punishment fixed at two years in the penitentiary. The record is before us without a single bill of exceptions. The state's evidence sufficiently shows the commission of the offense. Appellant defended on the proposition of an alibi. This defense was submitted to the jury, and by them solved adversely to the contention of the appellant. Finding no error in the record, the judgment will be affirmed.

───────────

4

Will BEAN v. STATE. (No. 9219.) (Court of Criminal Appeals of Texas. April 15, 1925.) Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The offense is transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. The indictment is regular. A plea of guilty was entered. No bills of exception are found in the record. Neither are the facts brought forward for review. The judgment is affirmed.